IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| PAUL A. RANGEL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-08-CV-175-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Paul A. Rangel seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including seizures, high blood pressure, and back and shoulder problems. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on August 21, 2007. At the time of the hearing, plaintiff was 43 years old. He has a high school equivalency diploma and past work experience as a janitor, a maintenance worker, a box spring frame builder, and a poultry dresser. Plaintiff has not engaged in substantial gainful activity since June 11, 2004.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from a left rotator cuff injury, degenerative disc disease, hypertension, an abnormal aortic valve, seizures, and depression,

the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of sedentary work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a polisher, a circuit board assembler/touch up screener, and an addresser -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In a single ground for relief, plaintiff contends that the assessment of his mental residual functional capacity is inconsistent with applicable legal standards and not supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant

is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the assessment of his mental residual functional capacity is inconsistent with applicable legal standards and not supported by substantial evidence because the ALJ ignored the opinions of a state agency medical consultant, Dr. Stephanie L. Judice. According to Dr. Judice, plaintiff is "markedly" limited in the ability to understand, remember, and carry out detailed instructions, and "moderately" limited in six other areas -- the ability to: (1) maintain attention and concentration for extended periods; (2) perform activities within a schedule, maintain regular work attendance, and be punctual within customary tolerances; (3) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (4) interact

appropriately with the general public; (5) maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; and (6) respond appropriately to changes in the work setting. (*See* Tr. at 122-23). Despite these limitations, Dr. Judice concluded that plaintiff has the ability to "understand, remember, and carry out simple instructions, make simple decisions, concentrate for extended periods, interact with others and respond to changes." (*See id.* at 124). The ALJ determined that plaintiff had the mental residual functional capacity to perform "simple repetitive work involving no public contact and no customer service." (*Id.* at 16). Plaintiff challenges that decision because the ALJ failed to explain why she rejected Dr. Judice's opinions regarding his "moderate" limitations to work within a schedule, maintain attendance, be punctual, complete normal workdays and workweeks, and perform at a consistent pace. (*See* Plf. MSJ Br. at 11).

The social security regulations require an ALJ to examine a variety of factors in evaluating medical opinions from various sources. *See* 20 C.F.R. § 404.1527(d). Among these factors are the examining relationship, the nature and extent of the treatment relationship, support provided by other evidence, consistency with the record, and specialization of the medical source. *Id.* Although the ALJ must specifically address each factor when she declines to give "controlling weight" to a *treating source* opinion, nothing in the regulations requires the judge to recite this litany when rejecting a *consulting source* opinion. *Cf. id.* § 404.1527(d)(2) (opinion of treating source cannot be rejected absent good cause for reasons clearly articulated in hearing decision); *see also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). Rather, the ALJ need only consider the consulting source opinion and give appropriate explanations for accepting or rejecting it. SSR 96-5p, 1996 WL 374183 at *5 (SSA Jul. 2, 1996); *see also* SSR 96-6p, 1996 WL 374180 at *2 (SSA Jul. 2, 1996) (although not bound by the opinions of state agency consultants, an ALJ "may not ignore these opinions and must explain the weight given to the opinions in their decisions"); 20 C.F.R.

§ 404.1527(f). *Gomez v. Barnhart*, No. SA-03-CA-1285-XR, 2004 WL 2512801 at *2 (W.D. Tex. Nov. 5, 2004) (ALJ complies with regulations if resulting decision reflects that consideration was given to medical consultant's opinion).

Here, it is clear that the ALJ complied with the regulations and considered Dr. Judice's opinions. Not only did the ALJ and plaintiff's representative at the administrative hearing discuss the mental residual functional capacity assessment performed by Dr. Judice, (*see* Tr. at 532), but the hearing decision cites to a psychiatric review performed by Dr. Judice on the same day. (*Id.* at 16). Like the mental residual functional capacity assessment, the psychiatric review reflects that plaintiff has "moderate" difficulties in maintaining social functioning and "moderate" limitations with respect to concentration, persistence, or pace. (*Id.* at 136). The judge noted that those limitations are "in keeping with the findings of the State agency[.]" (*See id.* at 16). Although the other limitations found by Dr. Judice are not specifically mentioned in the hearing decision, an ALJ need not "discuss each individual finding underlying the functional capacity assessment that the state agency psychologists have proposed." *Huber v. Astrue*, No. 4-07-CV-477-A, 2008 WL 4694753 at *7 (N.D. Tex. Oct. 22, 2008) (citing cases). Any error in that regard is harmless. *Id.*; *see also Alejandro v. Barnhart*, 291 F.Supp.2d 497, 516-17 (S.D. Tex. 2003) (citing cases) (failure to specifically reference or discuss particular findings made by state agency medical consultant was harmless error); *Velasquez v. Barnhart*, No. 04-Civ-9017, 2006 WL 3431190 at *4 (S.D.N.Y. Nov. 29, 2006) (remand not required where hearing decision failed to address each and every finding of state agency medical consultant).

Moreover, Dr. Judice determined that plaintiff has the mental residual functional capacity to "understand, remember, and carry out simple instructions, make simple decisions, concentrate for extended periods, interact with others and respond to changes." (*See* Tr. at 124). The ALJ

incorporated that opinion into her disability determination by limiting plaintiff to "simple repetitive work involving no public contact and no customer service." (*Id.* at 16). These restrictions are consistent with other medical evidence in the record. Thus, substantial evidence exists to support the hearing decision. *Brown v. Astrue*, No. 3-08-CV-0255-D, 2009 WL 64117 at *4 (N.D. Tex. Jan. 12, 2009) (function-by-function RFC assessment prepared by state agency medical consultant constitutes substantial evidence).

## CONCLUSION

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: April 2, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE